UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL KLEINMAN, | § | |
| MMK HOLDINGS, LP, and | § | |
| AUSPRO ENTERPRISES, LP, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 1:22-cv-00527 |
| v. | § | |
| | § | |
| CITY OF CEDAR PARK, | § | |
| | § | |
| *Defendant.* | § | |

## APPENDIX TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

TO THIS HONORABLE COURT:

Plaintiffs, Michael Kleinman, MMK Holdings, LP, and Auspro Enterprises, LP, file their Appendix to Plaintiffs' Motion for Preliminary Injunction. Plaintiffs rely on the following evidence incorporated herein by reference, which is filed contemporaneously with this Appendix.

| EXHIBIT | DESCRIPTION | APPENDIX PAGE NO(S) |
|---|---|---|
| A | Unsworn Declaration of Michael Kleinman (with Exhibits 1-3) [Dkt 2-1] | 001 – 020 |
| B | USPS Tracking Ending 4293 | 021 - 022 |
| C | USPS Tracking Ending 2660 | 023 – 026 |
| D | USPS Tracking [Dkt 5-1] Ending 4293 and 2660 | 027 – 030 |
| E | Complaints dated May 18, 2022 | 031 – 047 |
| F | Certified Mail receipts [Dkt 5-1] Ending 4293 and 2660 | 048 - 049 |
| G | 16 TAC § 24.167 | 050 – 054 |
| H | 16 TAC § 24.377 | 055 – 056 |
| I | City of Cedar Park Ordinance § 18.01.007 | 057 - 059 |

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
Jeffrey G. Henry
State Bar No. 09479440
Email: *jeff.henry@sprouselaw.com*
805 Las Cimas Parkway, Suite 350
Austin, Texas 78746
Telephone: (512) 615-6650
Facsimile: (512) 382-6644

And

SPROUSE SHRADER SMITH PLLC

*/s/ Tim Williams*
Tim Williams
State Bar No. 24067940
Email: *tim.williams@sprouselaw.com*
701 S. Taylor Street, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas   79105-5008
Telephone: (806) 468-3300
Facsimile: (806) 373-3454

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2022, a true and correct copy of the foregoing pleading was served in accordance with the Federal Rules of Civil Procedure on the following Counsel for the Defendant City of Cedar Park:

Scott M. Tschirhart
smtschirhart@rampagelaw.com
Roxana I. Perez Stevens
ristevens@rampagelaw.com
DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745

*/s/ Tim Williams*
Tim Williams

EXHIBIT  A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL KLEINMAN, | § | |
| MMK HOLDINGS, LP, and | § | |
| AUSPRO ENTERPRISES, LP, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 1:22-cv-00527 |
| v. | § | |
| | § | |
| CITY OF CEDAR PARK, | § | |
| | § | |
| *Defendant.* | § | |

## UNSWORN DECLARATION OF MICHAEL KLEINMAN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

"My name is Michael Kleinman. I declare under penalty of perjury that the foregoing is within my personal knowledge and true and correct.

1.  There are twenty-one Planet K Gifts retail stores throughout Central Texas, including Austin, Cedar Park, San Marcos, New Braunfels, San Antonio, and Bryan. The first store was opened in 1990. MMK Holdings, LP, operates the Planet K Gifts stores. AusPro Enterprises, LP, owns various real property, including real property leased by MMK Holdings for Planet K Gifts stores. I am an owner of both AusPro and MMK Holdings. I am personally familiar with the business operations of Planet K Gifts, including the location in Cedar Park. I oversee the operations and management of all Planet K Gifts stores, and have been personally involved with attempts to resolve issues surrounding the termination of sewer and wastewater services at the Planet K Gifts location in Cedar Park.

2.  In September 2021, AusPro purchased the property at 1511 N. Bell Blvd, Cedar Park, Williamson County, Texas ("Property"). Bell Blvd. is a five-mile stretch of non-toll U.S. Highway 183, and is the main north/south thoroughfare for the City of Cedar Park. The Property is located in the City's Local Business (LB) zoning district.

APPX. 002

3. There were two buildings on the Property when AusPro bought it. The main building is an older rock home out of which the prior owner operated a retail floral shop for over ten years ("Retail Building"). Access to the Retail Building is from Bell Blvd. The other building is a detached residential apartment that sits behind the Retail Building ("Residential Apartment"). It is my understanding and belief that the Residential Apartment has been on the Property for more than ten years. Access to the Residential Apartment is from a private driveway that connects with Thompson St., which is a side street off Bell Blvd. The Property does not abut Thompson St., and there is no access to the Retail Building from Thompson St.

4. After purchasing the Property, AusPro obtained water and wastewater services from the Cedar Park Water Utility. The water service is on a single meter that serves both the Retail Building and the Residential Apartment. The Residential Apartment does not have utility services separate from the Retail Building.

5. In or about November 2021, AusPro leased the Residential Apartment to an individual for use as a residence. AusPro is obligated to provide the tenant with water, wastewater, and other utility services.

6. Sometime around the Thanksgiving Holiday in November 2021, MMK Holdings opened the newest Planet K Gifts store in the Retail Building ("Planet K Cedar Park"). Like other Planet K Gifts stores, Planet K Cedar Park sells a wide variety of merchandise, which include a variety of food items and non-alcoholic beverages, clothing items, room décor, cleaning supplies, toiletries, toys, gag gifts, and other miscellaneous items, as well as smoking accessories, such as various brands of cigars, various flavors of pipe tobacco, various brands of snuff tobacco, various brands of cigarettes, loose tobacco for roll-your-own cigarettes, rolling papers, hand pipes, water pipes, vape cartridges, vape pens, vape supplies, CBD hemp flower (buds), CBD edibles, pre-rolled CBD hemp cigarettes, and other CBD items.

7. On or about December 3, 2021, the City issued a Notice of Violation, addressed to me, which stated, "The Planet K business operating on this property is identified as a Head Shop and is a prohibited use in the LB zoning district." The City demanded that Planet K Cedar Park cease operations.

8. The City's zoning ordinance prohibits operation of a "head shop" in any of its zoning districts. The City defines "head shop" as a business that offers for sale any item that is "commonly used, intended to be used, or commonly known to be used" to ingest or inhale an illegal substance, even if the item can also be used for another purpose.

9. MMK Holdings refused to close the store because Planet K Cedar Park was and is a gift shop, not a head shop. A true and correct copy of the December 3, 2021, Notice of Violation is attached as Exhibit 1.

10. On December 17, 2021, the City issued another Notice of Violation, alleging that Planet K Cedar Park was a head shop and also alleging a failure to obtain a certificate of occupancy

and having signs without permits. The City again demanded that Planet K Cedar Park cease operations, and MMK Holdings again refused to do so. A true and correct copy of the December 17, 2021, Notice of Violation is attached as Exhibit 2.

11. On December 22, 2021, the City filed a criminal complaint against me in municipal court, alleging that I was operating a head shop in violation of the City's zoning ordinances. MMK Holdings still refused to close the store.

12. In January 2022, the City began filing a barrage of separate complaints against AusPro and against me for a prohibited use in a zoning district (head shop), no sign permits, and no certificate of occupancy.

13. On January 27, 2022, without prior notice, City employees pulled the water meter at the Property. This shut off water service not only to the Retail Building, but also to the occupied Residential Apartment. The City was advised that water to a residence had been shut off, but the City refused to turn the water back on.

14. The City failed to give AusPro the required 5 days' prior written notice of its intent to terminate water service. At the time the City terminated water service, there were no circumstances on the Property requiring immediate action to protect, life, or property that would justify termination of water service without notice.

15. AusPro received a notice of termination letter from the City, but that was not until February 23, 2022, nearly a month after the water had already been shut off. The notice letter stated that the reason for termination of water service was AusPro's "failure … to meet the applicable provisions of law," citing Code Section 18.01.007(1). A copy of the notice of termination is attached as Exhibit 3. The City's notice of termination went on to state that the "applicable provisions of law" AusPro failed to meet were the violations in the original Notices of Violation, i.e., prohibited use in a zoning district (head shop), no sign permits, and no certificate of occupancy.

16. MMK Holdings did not close Planet K Cedar Park after the City terminated the water service. Instead, containers of water were brought in for drinking, the lavatory, the toilet, and the residential tenant, and Planet K Cedar Park carried on with its business.

17. About one week after terminating water service to the Property, the City decided to terminate wastewater services to the Property, again without any prior notice. City employees came onto the Property in the early morning hours on Saturday, February 5, 2022, before the store opened, and physically obstructed the sewer line with an inflatable bladder. When they were done, the City employees left the Property without telling me or anyone else what they had done or why. The Planet K Cedar Park employees discovered later that morning that there was a problem with the sewer line when the toilet backed up and excrement spilled onto the bathroom floor. The next day, the City staff and police showed up, put the bladder back in, and threatened Planet K Cedar Park employees with

arrest if they removed the bladder. The City later sent a construction crew to dig up the sewer line in the store's parking lot and cap it.

18. MMK Holdings did not close Planet K Cedar Park after the City terminated the wastewater service. Instead, we rented a Porta Potty, put it behind the store where it was not visible to the public, and Planet K Cedar Park carried on with its business.

19. On May 11, 2022, two City code compliance officers, accompanied by three police officers, showed up to Planet K Cedar Park with a warrant to search the premises to determine the presence of fire or health hazards or unsafe building conditions, or violations of any fire, health, or building regulation, statute, or ordinance of the City of Cedar Park or State of Texas, including operating without a certificate of occupancy, failure to provide minimum number and type of plumbing fixtures, failure to provide customers, patrons, visitors, and employees with toilet facilities, failure to maintain existing plumbing fixtures in operating condition, and the presence of any plumbing code violations.

20. On May 18, 2022, the City filed four new complaints with new allegations against AusPro and against me based on findings made by the code compliance officer during the search conducted on May 11, 2022. The new complaints allege violations for "failure to maintain existing plumbing fixtures" because plumbing fixtures were not connected to water or wastewater system, "failure to provide minimum plumbing fixtures" because the toilet, faucets, and lavatory were not connected to running water and there was no working drinking fountain, "failure to provide toilet facilities" because the toilet was not working due to the fact it was not connected to running water, and "failure to provide and maintain sanitary toilet accommodations" because the toilet is deemed not sanitary due to the fact that it is not connected to running water.

21. All of these new charges are based on the fact that the plumbing fixtures in the Planet K Cedar Park store are not connected to water and wastewater services, which the City terminated illegally four months ago. So, AusPro and I are being criminally charged for conditions in the Planet K Cedar Park store that were caused by the City's illegal termination of the water and wastewater services.

Executed in Travis County, State of Texas, on the 1st day of June 2022.

Michael Kleinman
Declarant

<u>Exhibit 1</u>
To the Unsworn Declaration of Michael Kleinman

# EXHIBIT  1



### Cedar Park Vision Statement

*We imagine the City of Cedar Park as a family-oriented community; one of compassion, integrity, diversity and faith.  We are an attractive destination, a leader in business development and committed to an exceptional quality of life.*

December 3, 2021                                     CE # 19940

                                                    CERTIFIED # 7020 1290 0000 2362 9043

Auspro Enterprises LP
Attn: Michael Kleinman
PO Box 13549,
Austin, TX 78711-3549

RE: Prohibited Use

Legal Description: Cedar Park Square, Block B, Lot A & B

Locally Known Address: 1511 N Bell Blvd, Cedar Park, TX

Dear Michael Kleinman;

This letter is to inform you that on **December 3, 2021,** a City Code Compliance Officer discovered a City Code violation on your property located at the address noted above.  Upon inspection, the Code Compliance Officer found that your property is in violation of Chapter 11 of the City of Cedar Park Code of Ordinances, which deals with the regulation of zoning and land use within the City.

**CHAPTER 11, ZONING**

**ARTICLE 11.02 ZONING DISTRICTS AND REGULATIONS**

**Division 3. Land Uses, Sec. 11.02.062 Legend**

A.    Using the tables. The tables in this section list the applicable land uses in rows, organized by general land use category. The zoning districts are arranged in columns. Where rows and columns intersect, a letter indicates if the use is permitted, conditional, special, or prohibited in the district, as stated below.

B.    Symbols. All the tables in this section use the following symbols:

4.    "–" means that the use is a prohibited use in the specified zoning district.

**Table 11.02.064. Nonresidential Uses by Zoning District**

| Land Use | Standards Reference | Zoning Districts | | | | | | | | | | | | | | | | | | |
| | | Interim | Residential | | | | | Nonresidential | | | | | | | | | | Mixed Use District | | Overlay District |
| | | DR | ES | SR | SU | UR | MF | NB | LB | GB | PO | HC | LI | HI | H | PS | OG | OR | MU | PA | EC |
| Legend: P = Permitted; C = Conditional; S = Special Use; – = Prohibited | | | | | | | | | | | | | | | | | | | | | |
| Head shop | | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – |



### Cedar Park Vision Statement

*We imagine the City of Cedar Park as a family-oriented community; one of compassion, integrity, diversity and faith.  We are an attractive destination, a leader in business development and committed to an exceptional quality of life.*

Head Shop is defined in the Cedar Park Zoning Ordinance as: "Any retail establishment open to the public that presents, displays, or offers for sale paraphernalia, items, equipment, or products commonly used, intended to be used, or commonly known to be used, for the ingestion, inhalation, preparation, or injection of illegal substances, to include any device which has been fabricated, constructed, altered, adjusted, or marked especially for use in the smoking or ingestion of a controlled substance, notwithstanding that it might also be possible to use the device for some other purpose."

The subject property is zoned Local Business (LB).  The Planet K business operating on this property is identified as a head shop and is a prohibited use in the LB zoning district. Operation of this business must cease no later than December 17, 2021.

A re-inspection of your property will be conducted on **December 17, 2021** to ensure compliance.  Failure to correct the stated violation by **December 17, 2021** may result in a citation being issued. Pursuant to Sec. 11.11.003 of the Cedar Park Code of Ordinances, the owner and/or tenant of a building or premises upon which a violation of the Code exists may be charged with a class C misdemeanor, punishable by a fine of up to $2,000 per violation.

Please be advised that if Code Compliance observes any additional violations of the above code provisions after **December 17, 2021**, additional citations may be issued.   Each day the violation continues is considered a separate violation.

If you have any questions regarding this notice, please contact me at **512-401-5208** for further information.  Our office is open Monday through Friday 8 a.m. to 5 p.m.  I appreciate your commitment to making the City of Cedar Park's vision a reality.

Sincerely,

**Robert Henning**
Code Compliance Supervisor
**512-401-5208**
**robert.henning@cedarparktexas.gov**
Development Services Department
City of Cedar Park

Cc: City Attorney's Office

Amy Link, Director of Development Services

450 Cypress Creek Boulevard | Cedar Park, Texas 78613 | *Office* (512) 401.5000 | *Fax* (512) 258-6083 | www.cedarparktexas.gov

APPX. 009

<u>Exhibit 2</u>
To the Unsworn Declaration of Michael Kleinman

# EXHIBIT  2



### Cedar Park Vision Statement

*We imagine the City of Cedar Park as a family-oriented community; one of compassion, integrity, diversity and faith.  We are an attractive destination, a leader in business development and committed to an exceptional quality of life.*

December 17, 2021                       **CE # 19955**

                                        **CERTIFIED # 7020 0090 0001 9886 1700**

**Planet K**
**Attn: Michael Kleinman**
**1511 N. Bell Blvd.**
**Cedar Park, TX 78613**

**RE:    NOTICE OF VIOLATION for prohibited use of the property, no Certificate of Occupancy for the business, no sign permits obtained and prohibited signs erected; ORDER TO CEASE OPERATIONS**

**Legal Description: Cedar Park Square, Block B, Lot A & B**
**Locally Known Address: 1511 N Bell Blvd, Cedar Park, TX**

Dear Michael Kleinman,

This letter is to inform you that on or about December 3, 2021, December 6, 2021 and December 15, 2021**,** a City Code Compliance Officer discovered multiple City Code violations on your property located at the address noted above.  Upon inspection, the Code Compliance Officer found that your property is in violation of the following City of Cedar Park Code of Ordinances ("CPCO") Chapters, including but not limited to:

1) Chapter 11, Zoning

   - Article 11.02 Zoning Districts and Regulations, Division 3 Land Uses, Table 11.02.064 Nonresidential Uses by Zoning District

2) Chapter 3, Building Regulations

   - Article 3.02 Permits and Fees, Section 3.02.006 Certificate of occupancy; change in use; temporary certificate of occupancy
     - (a) Change in use

3) Chapter 13, Sign Regulations

   - Article 13.03 Sign Standards, Section 13.03.002 Attached Signs
     - (f) Wall Signs

   - Article 13.03 Sign Standards, Section 13.03.003 Freestanding signs
     - (b) setback
     - (d) Monument signs

   - Article 13.05 Sign Administration, Section 13.05.002 Prohibited signs
     - (11) Pole signs
     - (14) Roof signs



*Cedar Park Vision Statement*

*We imagine the City of Cedar Park as a family-oriented community; one of compassion, integrity, diversity and faith.  We are an attractive destination, a leader in business development and committed to an exceptional quality of life.*

The subject tract is zoned Local Business (LB).  Based upon on-site inspection of the Planet K business by the City Code Compliance Officer, the use of the property is classified as a Head Shop, defined in the CPCO, Chapter 11 Zoning, as:

> "Any retail establishment open to the public that presents, displays, or offers for sale paraphernalia, items, equipment, or products commonly used, intended to be used, or commonly known to be used, for the ingestion, inhalation, preparation, or injection of illegal substances, to include any device which has been fabricated, constructed, altered, adjusted, or marked especially for use in the smoking or ingestion of a controlled substance, notwithstanding that it might also be possible to use the device for some other purpose."

As noted in Chapter 11, Zoning, Table 11.02.064 Nonresidential Uses by Zoning District, head shop is a prohibited use in the LB zoning district.

Additionally, CPCO Chapter 3 Building Regulations, Section 3.02.006(a) Change in use requires issuance of a temporary or permanent certificate of occupancy prior to occupying the building.  To date, no certificate of occupancy has been applied for, approved, or issued for the Planet K business at this address.

Furthermore, CPCO Chapter 13, Sign Regulations establishes standards for several sign types within the City. Section 13.03.002(f) establishes standards for wall signs. Table 13.03.02.04 Wall Sign Standards requires issuance of a permit for wall signs, as well as compliance with dimensional and design standards.  Section 13.03.003(b) establishes setback provisions prohibiting placement of a freestanding sign in the public right-of-way and Section 13.03.003(d) establishes regulations for freestanding monument signs. Table 13.03.03.03 Monument Sign Standards requires issuance of a permit for freestanding signs, as well as compliance with location and design characteristics. Additionally, Table 13.03.03.04 Monument Sign Dimensions by Roadway Classification establishes width, area, height and letter size requirements for freestanding monument signs.  Section 13.05.002 Prohibited signs identifies sign types that are prohibited within the City.  Based upon inspection of the subject tract, two freestanding prohibited pole signs and a prohibited roof sign have been erected on the subject tract, with the two freestanding pole signs potentially being located in the right-of-way.  Additionally, a wall sign has been erected on the subject tract without a permit.

The Planet K business located on your property is a prohibited use, operating without a certificate of occupancy. Additionally, signs have been erected on site without permits, including construction of prohibited signs.  An inspection by the Fire Marshal today determined the building cannot be deemed safe to occupy until an inspection of the building is completed.

**Therefore, the Planet K business shall cease operation and remain closed until a complete Fire inspection of the building is performed and a certificate of occupancy is granted for the use of the building.**  A certificate of occupancy application and sign permit applications for all existing signs on site must be submitted through the City of Cedar Park Building Inspections Division no later than December 31, 2021.  The Building Inspections Division may be reached at 512-401-5100 or via email permits@cedarparktexas.gov.

A re-inspection of your property will be conducted on **January 3, 2022** to ensure compliance.  Failure to correct the stated violations by **January 3, 2022**, may result in citations being issued.



*Cedar Park Vision Statement*

*We imagine the City of Cedar Park as a family-oriented community; one of compassion, integrity, diversity and faith. We are an attractive destination, a leader in business development and committed to an exceptional quality of life.*

Please be advised that if Code Compliance observes any additional violations of the above code provisions after **January 3, 2022**, additional citations may be issued.   Each day the violations continue is considered a separate violation.

Further, pursuant to CPCO Chapter 3 Building Regulations, Article 3.02 Permits and Fees, Section 3.02.006(c), any person violating any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction, is punishable by a fine not to exceed five hundred dollars ($500.00) per day as currently specified in Section 1.01.009 of the CPCO.   Additionally, pursuant to CPCO Chapter 11 Zoning, Article 11.08 Enforcement and Remedies, Division 1 Enforcement Procedures, Section 11.08.003 Penalties and remedies, any person violating any provisions of this Chapter shall be deemed a class C misdemeanor and upon conviction, is punishable by a fine not to exceed two thousand dollars ($2,000) per day as currently specified in Section 1.01.009 of the CPCO.   Finally, pursuant to CPCO Chapter 13 Sign Regulations, Article 13.05 Sign Administration, Section 13.05.004(d) Enforcement, failure to comply with any provisions of this Chapter shall be deemed a class C misdemeanor and upon conviction, is punishable by a fine not to exceed five hundred dollars ($500) per day as currently specified in Section 1.01.009 of the CPCO.

All references to the CPCO may be found on the City's website at the following address: https://z2.franklinlegal.net/franklin/Z2Browser2.html?showset=cedarparkset&collection=cedarpark&doccode=z2Code_z20000001.

Please be advised that this Notice of Violation supersedes the previous notices issued on December 3, 2021 and December 6, 2021 under respective case numbers CE-19940 and CE-19943.

If you have any questions regarding this notice, please contact me at **512-401-5208** for further information.   Our office is open Monday through Friday 8 a.m. to 5 p.m.  I appreciate your commitment to making the City of Cedar Park's vision a reality.

Sincerely,

**Robert Henning**
Code Compliance Supervisor
**512-401-5208**
**robert.henning@cedarparktexas.gov**
Development Services Department
City of Cedar Park

Cc: City Attorney's Office

Amy Link, Director of Development Services

APPX. 014



***Cedar Park Vision Statement***

*We imagine the City of Cedar Park as a family-oriented community; one of compassion, integrity, diversity and faith.  We are an attractive destination, a leader in business development and committed to an exceptional quality of life.*

Pictures of Sign Violations





450 Cypress Creek Boulevard | Cedar Park, Texas 78613 | *Office* (512) 401.5000 | *Fax* (512) 258-6083 | www.cedarparktexas.gov

APPX. 015

<u>Exhibit 3</u>
To the Unsworn Declaration of Michael Kleinman

# EXHIBIT  3



January 21, 2022

Michael Kleinman
Auspro Enterprises, LP                    *Via CMRRR* # 7020 0090 0001 9882 4293
PO Box 13549
Austin, Texas 78711-3549

      Re:    Notice of Termination of Water and Wastewater Service at 1511 N. Bell Cedar
                Park, Texas 78613

Mr. Kleinman,

The purpose of this letter is to provide Auspro Enterprises, LP notice of the City's intent to terminate water and wastewater service to the property located at 1511 N. Bell Blvd., Cedar Park, Texas 78613 ("Property"). Cedar Park Code of Ordinances Section 18.01.007 authorizes the City to "disconnect…any water and/or wastewater service connection for…[f]ailure of the water or wastewater customer to meet the applicable provisions of law." Auspro Enterprises, LP is currently operating its business at the Property in violation of the City of Cedar Park Code of Ordinances, specifically, Sections 3.02.006, 11.01.032, 11.02.064, 13.03.03.04, 13.05.002(11), and 13.05.002(14).

Pursuant to Cedar Park Code of Ordinances Section 18.01.007, termination of service shall not take place prior to the giving of at least five (5) days' notice to the customer by mail of the intention of the City to terminate the service. **Please be advised water and wastewater service to the Property will be terminated at 5:00 pm on Thursday, January 27, 2022.**

Cedar Park Code of Ordinances Section 18.01.007 affords Auspro Enterprises, LP an opportunity for a hearing before the City Manager prior to the expiration of the five (5) days from the date of mailing of this notice. If you would like to schedule a hearing with the City Manager, please do so prior to 5:00 pm on January 27, 2022 by contacting City Management Executive Assistant, Joscelyn Voegeli at (512) 401-5010, or in person at 450 Cypress Creek Rd. Building 1, Cedar Park, Texas 78613.

Sincerely,

Kent Meredith
Director of Finance

encl:   CPCO Sec. 18.01.007

cc:     Joscelyn Voegeli, City Management Executive Assistant

APPX. 018

1/10/22, 4:11 PM                      Franklin Legal Publishing, powered by CTS z2

**Sec. 18.01.007   Termination of water service**

(a)   <u>Reasons for termination enumerated</u>. The City shall have the right to disconnect or refuse to connect or reconnect any water and/or wastewater service connection for the following reasons:

    (1)   Failure of the water or wastewater service customer to meet the applicable provisions of law;

    (2)   Violation by water or wastewater service customer of the rules and regulations pertaining to such service;

    (3)   Nonpayment of bills by water or wastewater service customer;

    (4)   Payment of a water or wastewater bill or security deposit with a check or draft which is not honored by the drawee;

    (5)   Willful and negligent waste of water due to leaks during an established emergency;

    (6)   Molesting any meter, seal, or other equipment controlling or regulating the supply of water or wastewater service;

    (7)   Theft or diversion and/or use of water or wastewater without payment therefor;

    (8)   Vacancy of premises;

    (9)   Selling, delivering, or furnishing water without written permission from the City water department, either on or off the consumer's premises; or

    (10)   Existence of a known dangerous condition for as long as the condition exists, in which case service may be terminated without notice.

(b)   <u>Termination notice</u>. Except for circumstances requiring immediate action to protect, life or property, termination of service shall not take place prior to the giving of at least five (5) days notice to the customer by mail of the intention of the City to so terminate. Said notice shall:

    (1)   Be sent by mail to the last known billing address of the customer;

    (2)   State the reason for the proposed termination;

    (3)   State the customer's right to a hearing before such termination occurs; and

    (4)   State that the customer who desires a hearing must request a hearing by contacting the City Manager at a stated telephone number or in person before the expiration of five (5) days from the date of mailing.

(c)   <u>Resumption of water service</u>. If any of the reasons for termination set forth in subsection (a) above continue for a period in excess of five (5) days after notice is mailed, and the customer has not requested a hearing within the specified time period, or if a hearing is requested and the City Manager determines that the facts support the issuance of the termination, water and wastewater service to the user shall be shut off and the meter removed or meter box locked. Water service shall not be resumed until:

    (1)   <u>Generally</u>. The necessary reparations are made by the customer to the City in accordance with the City Manager's ruling.

    (2)   <u>For delinquency</u>. All amounts owing by the customer are paid in full, including any penalty charge, return check charge and reconnection fee, if applicable.

APPX. 019

1/10/22, 4:11 PM                                          Franklin Legal Publishing, powered by CTS z2

(Ordinance CO52-16-09-08-D1 adopted 9/8/16)

APPX. 020

EXHIBIT  B



EXHIBIT  C

# USPS Tracking®

FAQs ❯

## Track Another Package ➕

**Tracking Number:** 70202450000081722660

Remove ✕

We could not access the delivery location to deliver your package at 9:24 am on January 29, 2022 in CEDAR PARK, TX 78613. We will redeliver on the next delivery day. No action needed.

USPS Tracking Plus®: Extended Tracking History - 3 years has been purchased

## No Access to Delivery Location

January 29, 2022 at 9:24 am
CEDAR PARK, TX 78613

Feedback

**Get Updates** ⌄

**Text & Email Updates** ⌄

**Tracking History** ⌃

**January 29, 2022, 9:24 am**
No Access to Delivery Location
CEDAR PARK, TX 78613
We could not access the delivery location to deliver your package at 9:24 am on January 29, 2022 in CEDAR PARK, TX 78613. We will redeliver on the next delivery day. No action needed.

**January 29, 2022, 7:07 am**
Out for Delivery
CEDAR PARK, TX 78613

APPX. 024

USPS.com® - USPS Tracking® Results

**January 29, 2022, 6:56 am**
Arrived at Post Office
CEDAR PARK, TX 78613

**January 28, 2022, 3:25 pm**
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**January 26, 2022, 10:42 am**
Addressee Unknown
CEDAR PARK, TX 78613

**January 26, 2022, 6:10 am**
Out for Delivery
CEDAR PARK, TX 78613

**January 26, 2022, 3:53 am**
Arrived at Post Office
CEDAR PARK, TX 78613

Feedback

**January 24, 2022, 9:10 pm**
Arrived at USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

---

**USPS Tracking Plus®**                                        ⌄

**Product Information**                                        ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

APPX. 025

USPS.com® - USPS Tracking® Results

**FAQs**

Feedback

APPX. 026

<u>EXHIBIT  D</u>

# USPS Tracking®

FAQs >

### Track Another Package  +

**Tracking Number:** 70200090000198824293

Remove ✕

Your item was delivered to an individual at the address at 11:01 am on February 23, 2022 in CEDAR PARK, TX 78613.

**USPS Tracking Plus® Available** ∨

## ✅ Delivered, Left with Individual

February 23, 2022 at 11:01 am
CEDAR PARK, TX 78613

Feedback

**Get Updates** ∨

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **USPS Tracking Plus®** | ∨ |
| **Product Information** | ∨ |

**See Less** ∧

APPX. 028

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

Go to USPS.com Site Index.Skip to Main ContentSkip All Utility Navigation
English

# USPS Tracking®

**Tracking** FAQs

## Track Another Package ✚

### Track Packages
### Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages
Learn More

Remove
**Tracking Number:** 70202450000081722660

We could not access the delivery location to deliver your package at 9:24 am on January 29, 2022 in CEDAR PARK, TX 78613. We will redeliver on the next delivery day. No action needed.

**USPS Tracking Plus® Available**

## Status

## No Access to Delivery Location

January 29, 2022 at 9:24 am
CEDAR PARK, TX 78613

**Alert**

**Text & Email Updates**
**Tracking History**
**USPS Tracking Plus®**
**Product Information**

See Less

## Can't find what you're looking for?

EXHIBIT  E

2022002153

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| AUSPRO ENTERPRISES, LP<br>D/B/A PLANET K | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT – FAILURE TO MAINTAIN PLUMBING FIXTURES          Case Number 19955

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, AUSPRO ENTERPRISES, LP D/B/A PLANET K, Defendant, did then and there intentionally, knowingly, and recklessly fail to maintain existing plumbing fixtures in proper operating condition in accordance with the original design in a safe and sanitary condition, to wit: plumbing fixtures are not connected to a water supply system or discharged to a drainage system, in violation of the 2015 International plumbing code Section 102.3, as adopted by CPCO 3.01.001(c).

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without working faucets and plumbing fixtures at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment with existing plumbing fixtures that require a connection to a water supply system and/or a discharge drainage system.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On April 28, 2022, I confirmed with Utility Administration that water and wastewater services had been disconnected to Planet K, pursuant to CPCO 18.01.007(a)(1).
7. On or about May 11th, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd.
8. During my inspection, I turned on the two (2) existing faucets and no water ran out. I also tried the handle on the toilet and it had no water. I determined there is no running water nor functioning toilets on the premises.
9. This is in violation of the 2015 International plumbing code Section 102.3, which requires that existing plumbing fixtures be maintained in proper operating condition in accordance with the original design in a safe and sanitary condition.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

Complaint approved 5/18/2022   *KRS*

**APPX. 032**

Affiant
State of Texas,
Williamson County

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May 2022.

Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5673871
Expires September 9, 2025

APPX. 033

2022002154

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| AUSPRO ENTERPRISES, LP D/B/A PLANET K | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT – FAILURE TO PROVIDE MINIMUM PLUMBING FIXTURES          Case Number 19955

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, AUSPRO ENTERPRISES, LP D/B/A PLANET K, Defendant, did then and there intentionally, knowingly, and recklessly fail to provide the minimum number and type of plumbing fixtures based on actual use of the building and space, to wit: mercantile occupancy requiring one (1) water closet, one (1) lavatory, one (1) drinking fountain, and one (1) service sink, in violation of the 2015 International Plumbing Code Section 403.1, as adopted by CPCO 3.01.001(c).

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without working faucets and plumbing fixtures at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On or about May 11th, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd.
7. During my inspection, I turned on the two (2) existing faucets and no water ran out. I also tried the handle on the toilet and it had no water. I also did not observe a drinking fountain. The existing service sink had no running water either.
8. This is in violation of the 2015 International Plumbing Code Section 403.1, which based on the actual use of the building and space requires a retail establishment such as Planet K, to have one (1) water closet, one (1) lavatory, one (1) drinking fountain, and one (1) service sink.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

_____
Affiant
State of Texas,

Complaint approved 5/18/2022  *KRS*

APPX. 034

Williamson County

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May, 2022.

_Tammy Glanville_
Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5873871
Expires September 9, 2025

APPX. 035

2022002155

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| AUSPRO ENTERPRISES, LP<br>D/B/A PLANET K | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT – FAILURE TO PROVIDE TOILET FACILITIES          Case Number 19955

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, AUSPRO ENTERPRISES, LP D/B/A PLANET K, Defendant, did then and there intentionally, knowingly, and recklessly fail to provide employees, customers, patrons and visitors with required minimum public and employee toilet facilities in a structure intended for public utilization based on its size and type of occupancy, to wit: minimum one (1) toilet, in violation of the 2015 International Plumbing Code section 403.3, as adopted by CPCO Section 3.01.001(c).

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without a working toilet at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment with employees, customers, patrons, and visitors.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On or about May 11, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd. to determine whether the business has a working toilet on the premises.
7. During my inspection, I tried the handle on the toilet and it had no water. I determined there is no running water nor functioning toilets on the premises.
8. This is in violation of the 2015 International Plumbing Code section 403.3 which requires that a business of this size and type of occupancy have a minimum of one (1) toilet.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

_____
Affiant

Complaint approved 5/18/2022 KRS

State of Texas,
Williamson County

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May, 2022.

Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5673871
Expires September 9, 2025

2022002156

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| AUSPRO ENTERPRISES, LP D/B/A PLANET K | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT –FAILURE TO PROVIDE AND MAINTAIN SANITARY TOILET ACCOMMODATIONS
Case Number 19955

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, AUSPRO ENTERPRISES, LP D/B/A PLANET K, Defendant, did then and there intentionally, knowingly, and recklessly fail to provide and maintain sanitary toilet accommodations at a public building, to wit: "Planet K," a retail establishment open to the public, and Defendant is the operator, manager, or superintendent of said public building, in violation of Texas Health and Safety Code Section 341.061.

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without working faucets and toilet accommodations at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment open to the public.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On or about May 11, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd.
7. During my inspection, I tried the handle on the toilet and it had no water. The toilet needs to be connected to running water in order to be sanitary.
8. This is in violation of Texas Health and Safety Code Section 341.061 which requires the operator, manager, or superintendent of a public building to provide and maintain sanitary toilet accommodations.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

Affiant
State of Texas,
Williamson County

Complaint approved 5/18/2022   *KRS*

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May, 2022.

_Tammy Glanville_
Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5673871
Expires September 9, 2025

APPX. 039

2022002157

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| Michael Kleinman | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT – FAILURE TO MAINTAIN PLUMBING FIXTURES        Case Number 19955

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, Michael Kleinman, Defendant, did then and there intentionally, knowingly, and recklessly fail to maintain existing plumbing fixtures in proper operating condition in accordance with the original design in a safe and sanitary condition, to wit: plumbing fixtures are not connected to a water supply system or discharged to a drainage system, in violation of the 2015 International plumbing code Section 102.3, as adopted by CPCO 3.01.001(c).

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without working faucets and plumbing fixtures at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment with existing plumbing fixtures that require a connection to a water supply system and/or a discharge drainage system.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On April 28, 2022, I confirmed with Utility Administration that water and wastewater services had been disconnected to Planet K, pursuant to CPCO 18.01.007(a)(1).
7. On or about May 11th, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd.
8. During my inspection, I turned on the two (2) existing faucets and no water ran out. I also tried the handle on the toilet and it had no water. I determined there is no running water nor functioning toilets on the premises.
9. This is in violation of the 2015 International plumbing code Section 102.3, which requires that existing plumbing fixtures be maintained in proper operating condition in accordance with the original design in a safe and sanitary condition.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

Complaint approved 5/18/2022   *KRS*

Affiant
State of Texas,
Williamson County

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May 2022.

Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5673871
Expires September 9, 2025

2022002158

| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| Michael Kleinman | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT – FAILURE TO PROVIDE MINIMUM PLUMBING FIXTURES          Case Number 19955

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, Michael Kleinman, Defendant, did then and there intentionally, knowingly, and recklessly fail to provide the minimum number and type of plumbing fixtures based on actual use of the building and space, to wit: mercantile occupancy requiring one (1) water closet, one (1) lavatory, one (1) drinking fountain, and one (1) service sink, in violation of the 2015 International Plumbing Code Section 403.1, as adopted by CPCO 3.01.001(c).

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without working faucets and plumbing fixtures at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On or about May 11th, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd.
7. During my inspection, I turned on the two (2) existing faucets and no water ran out. I also tried the handle on the toilet and it had no water. I also did not observe a drinking fountain. The existing service sink had no running water either.
8. This is in violation of the 2015 International Plumbing Code Section 403.1, which based on the actual use of the building and space requires a retail establishment such as Planet K, to have one (1) water closet, one (1) lavatory, one (1) drinking fountain, and one (1) service sink.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

Affiant
State of Texas,
Williamson County

Complaint approved 5/18/2022 *KRS*

APPX. 042

Williamson County

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May, 2022.

Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5873871
Expires September 9, 2025

2022002159

| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| Michael Kleinman | § | WILLIAMSON COUNTY, TEXAS |

COMPLAINT – FAILURE TO PROVIDE TOILET FACILITIES        Case Number 19955

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, Michael Kleinman. Defendant, did then and there intentionally, knowingly, and recklessly fail to provide employees, customers, patrons and visitors with required minimum public and employee toilet facilities in a structure intended for public utilization based on its size and type of occupancy, to wit: minimum one (1) toilet, in violation of the 2015 International Plumbing Code section 403.3, as adopted by CPCO Section 3.01.001(c).

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without a working toilet at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment with employees, customers, patrons, and visitors.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On or about May 11, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd. to determine whether the business has a working toilet on the premises.
7. During my inspection, I tried the handle on the toilet and it had no water. I determined there is no running water nor functioning toilets on the premises.
8. This is in violation of the 2015 International Plumbing Code section 403.3 which requires that a business of this size and type of occupancy have a minimum of one (1) toilet.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

Affiant
State of Texas,

Complaint approved 5/18/2022   KRS

**APPX. 044**

Williamson County

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May, 2022.

Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5673871
Expires September 9, 2025

APPX. 045

2022002160

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| V. | § | CITY OF CEDAR PARK |
| Michael Kleinman | § | WILLIAMSON COUNTY, TEXAS |

**COMPLAINT –FAILURE TO PROVIDE AND MAINTAIN SANITARY TOILET ACCOMMODATIONS**
Case Number 19955

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, JAMES KEVIN ELLIOTT, am a Code Compliance Officer for the City of Cedar Park, and being duly sworn do state on my oath that I have good reason to believe, I do believe, and I charge that heretofore, and before the making and filing of this complaint, on or about the 11th day of May, 2022 in the territorial and corporate limits of the City of Cedar Park, Texas, to wit: at or near 1511 N. BELL BLVD., CEDAR PARK, TX 78613, Michael Kleinman, Defendant, did then and there intentionally, knowingly, and recklessly fail to provide and maintain sanitary toilet accommodations at a public building, to wit: "Planet K," a retail establishment open to the public, and Defendant is the operator, manager, or superintendent of said public building, in violation of Texas Health and Safety Code Section 341.061.

AFFIDAVIT OF FACT:

I, JAMES KEVIN ELLIOTT, being duly sworn, do state upon my oath that I have reason to believe and do believe based on the following information:

1. I am a Code Compliance Officer with the City of Cedar Park, # 6135.
2. On or about March 2, 2022, I was notified by the Cedar Park Fire Department of possible code violations regarding a business operating without working faucets and toilet accommodations at 1511 N Bell Blvd.
3. The business operating at 1511 N. Bell Blvd. is "Planet K", a retail establishment open to the public.
4. I confirmed via the Williamson (County) Central Appraisal District online records that the owner of the property located at 1511 N. Bell Blvd. is AusPro Enterprises, LP.
5. I confirmed via the Texas Secretary of State online records that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman, 1516 S. Lamar Blvd., Austin, Texas 78704.
6. On or about May 11, 2022, pursuant to an Administrative Warrant, I conducted an on-site inspection at 1511 N. Bell Blvd.
7. During my inspection, I tried the handle on the toilet and it had no water. The toilet needs to be connected to running water in order to be sanitary.
8. This is in violation of Texas Health and Safety Code Section 341.061 which requires the operator, manager, or superintendent of a public building to provide and maintain sanitary toilet accommodations.

**AGAINST THE PEACE AND DIGNITY OF THE STATE, CONTRARY TO THE SAID ORDINANCE.**

Affiant
State of Texas,
Williamson County

Complaint approved 5/18/2022   KRS

Sworn to and subscribed before me by JAMES KEVIN ELLIOTT, a credible person, this 17th day of May, 2022.

_Tammy Glanville_
Notary/Clerk/Peace Officer in and for the State of Texas
Williamson County, Texas

TAMMY GLANVILLE
My Notary ID # 5673871
Expires September 9, 2025

EXHIBIT  F

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  USPO Enterprises
Street and Apt. No., or PO Box No.  12X 13519
City, State, ZIP+4  Cedar Park TX 78613

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 0000 0006 9862 4293

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  USPO Enterprises
Street and Apt. No., or PO Box No.  1511 Bell Blvd
City, State, ZIP+4  Cedar Park TX 78613

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 8172 2960

EXHIBIT  G

# 16 TAC § 24.167

This document reflects all regulations in effect as of June 30, 2022

*TX - Texas Administrative Code  >   TITLE 16. ECONOMIC REGULATION  >   PART 2. PUBLIC UTILITY COMMISSION OF TEXAS  >   CHAPTER 24. SUBSTANTIVE RULES APPLICABLE TO WATER AND SEWER SERVICE PROVIDERS  >   SUBCHAPTER F. CUSTOMER SERVICE AND PROTECTION*

## § 24.167. Discontinuance of Service

(a)  Disconnection with notice.

    (1)  Notice requirements. Proper notice shall consist of a separate written statement which a utility must mail or hand deliver to a customer before service may be disconnected. The notice must be provided in English and Spanish if necessary to adequately inform the customer and must include the following information:

        (A)  the words "termination notice" or similar language approved by the commission written in a way to stand out from other information on the notice;

        (B)  the action required to avoid disconnection, such as paying past due service charges;

        (C)  the date by which the required action must be completed to avoid disconnection. This date must be at least ten days from the date the notice is provided unless a shorter time is authorized by the commission;

        (D)  the intended date of disconnection;

        (E)  the office hours, telephone number, and address of the utility's local office;

        (F)  the total past due charges;

        (G)  all reconnect fees that will be required to restore water or sewer service if service is disconnected.

        (H)  if notice is provided by a sewer service provider under subsection (e) of this section, the notice must also state: (i) that failure to pay past due sewer charges will result in termination of water service; and (ii) that water service will not be reconnected until all past due and currently due sewer service charges and the sewer reconnect fee are paid.

    (2)  Reasons for disconnection. Utility service may be disconnected after proper notice for any of the following reasons:

        (A)  failure to pay a delinquent account for utility service or failure to comply with the terms of a deferred payment agreement. (i) Payment by check which has been rejected for insufficient funds, closed account, or for which a stop payment order has been issued is not deemed to be payment to the utility. (ii) Payment at a utility's office or authorized payment agency is considered payment to the utility. (iii) The utility is not obligated to accept payment of the bill when an employee is at the customer's location to disconnect service;

        (B)  violation of the utility's rules pertaining to the use of service in a manner which interferes with the service of others;

        (C)  operation of non-standard equipment, if a reasonable attempt has been made to notify the customer and the customer is provided with a reasonable opportunity to remedy the situation;

        (D)  failure to comply with deposit or guarantee arrangements where required by § 24.159 of this title (relating to Service Applicant and Customer Deposit);

        (E)  failure to pay charges for sewer service provided by another retail public utility in accordance with subsection (e) of this section; and

16 TAC § 24.167

**(F)** failure to pay solid waste disposal fees collected under contract with a county or other public agency.

**(b)** Disconnection without notice. Utility service may be disconnected without prior notice for the following reasons:

**(1)** where a known and dangerous condition related to the type of service provided exists. Where reasonable, given the nature of the reason for disconnection, a written notice of the disconnection, explaining the reason service was disconnected, shall be posted at the entrance to the property, the place of common entry or upon the front door of each affected residential unit as soon as possible after service has been disconnected;

**(2)** where service is connected without authority by a person who has not made application for service;

**(3)** where service has been reconnected without authority following termination of service for nonpayment under subsection (a) of this section;

**(4)** or in instances of tampering with the utility's meter or equipment, bypassing the same, or other instances of diversion as defined in § 24.169 of this title (relating to Meters).

**(c)** Disconnection prohibited. Utility service may not be disconnected for any of the following reasons:

**(1)** failure to pay for utility service provided to a previous occupant of the premises;

**(2)** failure to pay for merchandise, or charges for non-utility service provided by the utility;

**(3)** failure to pay for a different type or class of utility service unless the fee for such service is included on the same bill or unless such disconnection is in accordance with subsection (e) of this section;

**(4)** failure to pay the account of another customer as guarantor thereof, unless the utility has in writing the guarantee as a condition precedent to service;

**(5)** failure to pay charges arising from an underbilling due to any faulty metering, unless the meter has been tampered with or unless such underbilling charges are due under § 24.169 of this title;

**(6)** failure to pay an estimated bill other than a bill rendered pursuant to an approved meter-reading plan, unless the utility is unable to read the meter due to circumstances beyond its control;

**(7)** failure to comply with regulations or rules regarding anything other than the type of service being provided including failure to comply with septic tank regulations or sewer hook-up requirements;

**(8)** refusal of a current customer to sign a service agreement; or,

**(9)** failure to pay standby fees.

**(d)** Disconnection due to utility abandonment. No public utility may abandon a customer or a certificated service area unless it has complied with the requirements of § 24.247 of this title (relating to Requirement to Provide Continuous and Adequate Service) and obtained approval from the commission.

**(e)** Disconnection of water service due to nonpayment of sewer charges.

**(1)** Where sewer service is provided by one retail public utility and water service is provided by another retail public utility, the retail public utility that provides the water service shall disconnect water service to a customer who has not paid undisputed sewer charges if requested by the sewer service provider and if an agreement exists between the two retail public utilities regarding such disconnection or if an order has been issued by the commission specifying a process for such disconnections.

**(A)** Before water service may be terminated, proper notice of such termination must be given to the customer and the water service provider by the sewer service provider. Such notice must be in conformity with subsection (a) of this section.

**(B)** Water and sewer service shall be reconnected in accordance with subsection (h) of this section. The water service provider may not charge the customer a reconnect fee prior to reconnection unless it is for nonpayment of water service charges in accordance with its approved tariff. The water service provider may require the customer to pay any water service charges which have been billed but remain unpaid prior to reconnection. The water utility may require the sewer utility to reimburse it for the cost of disconnecting the water service in an

amount not to exceed $ 50. The sewer utility may charge the customer its approved reconnect fee for nonpayment in addition to any past due charges.

**(C)** If the retail public utilities providing water and sewer service cannot reach an agreement regarding disconnection of water service for nonpayment of sewer charges, the commission may issue an order requiring disconnections under specified conditions.

**(D)** The commission will issue an order requiring termination of service by the retail public utility providing water service if either: (i) the retail public utility providing sewer service has obtained funding through the State or Federal government for the provision, expansion or upgrading of such sewer service; or, (ii) the commission finds that an order is necessary to effectuate the purposes of the Texas Water Code.

**(2)** A utility providing water service to customers who are provided sewer service by another retail public utility may enter into an agreement to provide billing services for the sewer service provider. In this instance, the customer may only be charged the tariffed reconnect fee for nonpayment of a bill on the water service provider's tariff.

**(3)** This section outlines the duties of a water service provider to an area served by a sewer service provider of certain political subdivisions.

**(A)** This section applies only to an area: (i) that is located in a county that has a population of more than 1.3 million; and (ii) in which a customer's sewer service is provided by a municipality or conservation and reclamation district that also provides water service to other customers and the same customer's water service is provided by another entity.

**(B)** For each person the water service provider serves in an area to which this section applies, the water service provider shall provide the municipality or district with any relevant customer information so that the municipality or district may bill users of the sewer service directly and verify the water consumption of users. Relevant customer information provided under this section includes the name, address, and telephone number of the customer of the water service provider, the monthly meter readings of the customer, monthly consumption information, including any billing adjustments, and certain meter information, such as brand, model, age, and location.

**(C)** The municipality or district shall reimburse the water service provider for its reasonable and actual incremental costs for providing services to the municipality or district under this section. Incremental costs are limited to only those costs that are in addition to the water service provider's costs in providing its services to its customers, and those costs must be consistent with the costs incurred by other water utility providers. Only if requested by the wastewater provider, the water service provider must provide the municipality or district with documentation certified by a certified public accountant of the reasonable and actual incremental costs for providing services to the municipality or district under this section.

**(D)** A municipality or conservation and reclamation district may provide written notice to a person to whom the municipality's or district's sewer service system provides service if the person has failed to pay for the service for more than 90 days. The notice must state the past due amount owed and the deadline by which the past due amount must be paid or the person will lose water service. The notice may be sent by First Class mail or hand-delivered to the location at which the sewer service is provided.

**(E)** The municipality or district may notify the water service provider of a person who fails to make timely payment after the person receives notice under subparagraph (D) of this paragraph. The notice must indicate the number of days the person has failed to pay for sewer service and the total amount past due. On receipt of the notice, the water service provider shall discontinue water service to the person.

**(F)** This subsection does not apply to a nonprofit water supply or sewer service corporation created under Texas Water Code, Chapter 67, or a district created under Texas Water Code, Chapter 65.

**(f)** Disconnection for ill customers. No utility may discontinue service to a delinquent residential customer when that customer establishes that some person residing at that residence will become seriously ill or more seriously ill if service is discontinued. To avoid disconnection under these circumstances, the customer must provide a written statement from a physician to the utility prior to the stated date of disconnection. Service may be disconnected in accordance with

16 TAC § 24.167

subsection (a) of this section if the next month's bill and the past due bill are not paid by the due date of the next month's bill, unless the customer enters into a deferred payment plan with the utility.

**(g)** Disconnection upon customer request. A utility shall disconnect service no later than the end of the next working day after receiving a written request from the customer.

**(h)** Service restoration.

  **(1)** Utility personnel must be available during normal business hours to accept payment on the day service is disconnected and the day after service is disconnected, unless the disconnection is at the customer's request or due to the existence of a dangerous condition related to the type of service provided. Once the past due service charges and applicable reconnect fees are paid or other circumstances which resulted in disconnection are corrected, the utility must restore service within 36 hours.

  **(2)** Reconnect Fees.

    **(A)** A reconnect fee, or seasonal reconnect fee as appropriate, may be charged for restoring service if listed on the utility's approved tariff.

    **(B)** A reconnect fee may not be charged where service was not disconnected, except in circumstances where a utility representative arrives at a customer's service location with the intent to disconnect service because of a delinquent bill, and the customer prevents the utility from disconnecting the service.

    **(C)** Except as provided under § 24.169(c) of this title when a customer prevents disconnection at the water meter or connecting point between the utility and customer sewer lines, a reconnect fee charged for restoring water or sewer service after disconnection for nonpayment of monthly charges shall not exceed $ 25 provided the customer pays the delinquent charges and requests to have service restored within 45 days. If a request to have service reconnected is not made within 45 days of the date of disconnection, the utility may charge its approved reconnect fee or seasonal reconnect fee.

    **(D)** A reconnect fee cannot be charged for reconnecting service after disconnection for failure to pay solid waste disposal fees collected under a contract with a county or other public agency.

# History

**SOURCE:**

 The provisions of this § 24.167 adopted to be effective October 17, 2018, 43 TexReg 6826

TEXAS ADMINISTRATIVE CODE

End of Document

EXHIBIT  H

**16 TAC § 24.377**

This document reflects all regulations in effect as of June 30, 2022

*TX - Texas Administrative Code  >   TITLE 16. ECONOMIC REGULATION  >   PART 2. PUBLIC UTILITY COMMISSION OF TEXAS  >   CHAPTER 24. SUBSTANTIVE RULES APPLICABLE TO WATER AND SEWER SERVICE PROVIDERS  >   SUBCHAPTER L. PROVISIONS REGARDING MUNICIPALITIES*

## § 24.377. Applicability of Commission Service Rules Within the Corporate Limits of a Municipality

The commission's rules relating to service and response to requests for service will apply to utilities operating within the corporate limits of a municipality unless the municipality adopts its own rules. These rules include Subchapters F and G of this chapter (relating to Customer Service and Protection and Quality of Service).

## History

**SOURCE:**

 The provisions of this § 24.377 adopted to be effective October 17, 2018, 43 TexReg 6826

TEXAS ADMINISTRATIVE CODE

End of Document

EXHIBIT  I

§ 18.01.007 **Termination of water service.**

**(a)**

Reasons for termination enumerated.

The City shall have the right to disconnect or refuse to connect or reconnect any water and/or wastewater service connection for the following reasons:

**(1)**

Failure of the water or wastewater service customer to meet the applicable provisions of law;

**(2)**

Violation by water or wastewater service customer of the rules and regulations pertaining to such service;

**(3)**

Nonpayment of bills by water or wastewater service customer;

**(4)**

Payment of a water or wastewater bill or security deposit with a check or draft which is not honored by the drawee;

**(5)**

Willful and negligent waste of water due to leaks during an established emergency;

**(6)**

Molesting any meter, seal, or other equipment controlling or regulating the supply of water or wastewater service;

**(7)**

Theft or diversion and/or use of water or wastewater without payment therefor;

**(8)**

Vacancy of premises;

**(9)**

Selling, delivering, or furnishing water without written permission from the City water department, either on or off the consumer's premises; or

**(10)**

Existence of a known dangerous condition for as long as the condition exists, in which case service may be terminated without notice.

**(b)**

Termination notice.

Except for circumstances requiring immediate action to protect, life or property, termination of service shall not take place prior to the giving of at least five (5) days notice to the customer by mail of the intention of the City to so terminate. Said notice shall:

**(1)**

Be sent by mail to the last known billing address of the customer;

**(2)**

State the reason for the proposed termination;

**(3)**

State the customer's right to a hearing before such termination occurs; and

**(4)**

State that the customer who desires a hearing must request a hearing by contacting the City Manager at a stated telephone number or in person before the expiration of five (5) days from the date of mailing.

**(c)**

Resumption of water service.

If any of the reasons for termination set forth in subsection **(a)** above continue for a period in excess of five (5) days after notice is mailed, and the customer has not requested a hearing within the specified time period, or if a hearing is requested and the City Manager determines that the facts support the issuance of the termination, water and wastewater service to the user shall be shut off and the meter removed or meter box locked. Water service shall not be resumed until:

**(1)**

Generally.

The necessary reparations are made by the customer to the City in accordance with the City Manager's ruling.

**(2)**

For delinquency.

All amounts owing by the customer are paid in full, including any penalty charge, return check charge and reconnection fee, if applicable.

(Ordinance CO52-16-09-08-D1 adopted 9/8/16)