UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL KLEINMAN, MMK HOLDINGS, L.P., AUSPRO ENTERPRISES, LP,** *Plaintiffs* § § § § § | No. A-22-CV-00527-LY |
| **v.** § § § | |
| **CITY OF CEDAR PARK,** *Defendant* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendant City of Cedar Park's motion to dismiss, Dkt. 23; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.  BACKGROUND

Plaintiffs bring this lawsuit against the City of Cedar Park based on its enforcement actions against Plaintiffs' "gift shop," Planet K, which the City has deemed a "head shop" in violation of its zoning ordinances.[1] Dkt. 11, at 9-27.

---

[1] The ordinance defines a head shop as "[a]ny retail establishment open to the public that presents, displays, or offers for sale paraphernalia, items, equipment, or products commonly used, intended to be used, or commonly known to be used, for the ingestion, inhalation, preparation, or injection of illegal substances, to include any device which has been fabricated, constructed, altered, adjusted, or marked especially for use in the smoking or ingestion of a controlled substance, notwithstanding that it might also be possible to use the device for some other purpose." Cedar Park, Tex., Ordinances ch. 11, art. 9 ("section 11.09.001" or the "head shop" ordinance).

1

Specifically, Plaintiffs challenge the City's decision to terminate water and sewage service to the property on which the store operates without first providing Plaintiffs with proper notice, the City's singling out of Planet K for enforcement of the city ordinance banning "head shops," and the constitutionality of the city ordinance itself. *Id.* at 27-32. Plaintiff Auspro Enterprises LP ("Auspro") acquired the property on which Plaintiff MMK Holdings, L.P. ("MMK Holdings") where it now operates a Planet K and rents out a residential unit, and obtained utility services for the property without first seeking a certificate of occupancy. *Id.* at 8.

Soon after opening the Planet K, the City provided Plaintiffs with two notices indicating that they were in violation of certain city codes by operating a "head shop," failing to obtain a certificate of occupancy, and not having permits to hang their outdoor signs. *Id.* at 9. The City then filed a "barrage of complaints" against Plaintiffs for the alleged code violations—at the time of the filing of this lawsuit the City had instituted over 200 complaints against Plaintiffs Kleinman and AusPro. *Id.* at 9, 26. In addition to filing municipal complaints against Plaintiffs for their alleged city code violations, the City also shut off the water and sewer services to the property. *Id.* at 10, 15. Although the City indicated its intent to shut off water service to the property based on the code violations in a letter dated January 21, 2022—Plaintiffs did not receive the letter until after the City had terminated the water service. *Id.* at 11-12.

In a pre-trial conference related to these municipal prosecutions, the City declined to confer with Plaintiffs to help them come into compliance, instead stating that "the only thing the City wanted was for Plaintiffs to close Planet K Cedar Park."

2

*Id.* at 16. Plaintiffs allege that the City has been similarly uncooperative when asked to define the items in the store that violate the zoning ordinance. *Id.* at 16-17. Moreover, when asked why the City was not targeting other existing shops that sell items that likely bring them within the "head shop" definition, the City allegedly said that it had "not had occasion to enforce its 'head shop' regulation prior to Planet K's commencement of operations." *Id.* at 17-18.

After initially bringing a case against the City in state court based on the City's termination of the sewer and water services to the Planet K property, Plaintiffs initiated this federal lawsuit. Dkt. 1; *Auspro Enterprises, LP v. City of Cedar Park*, Case No. 22-0135-C395 (395th Judicial District, Williamson County, Texas). Plaintiffs bring three causes of action, alleging that: (1) the City's head shop ordinance is vague and overbroad in violation of the process clause of the Fourteenth Amendment; (2) the City's termination of the utility services violated their procedural due process rights under the Fourteenth Amendment; and (3) the City's failure to enforce the head shop ordinance against other businesses violated Plaintiffs' equal protection rights under the Fourteenth Amendment. Dkt. 11, at 27-31. Plaintiffs seek declaratory and injunctive relief, and monetary damages to compensate them for "the costs and expenses to provide water and portable toilet facilities to its employees, customers, and tenant … incurred as a result of the City's improper termination of water and wastewater services." *Id.* at 31-32.

The City now moves to dismiss Plaintiffs' claims as barred by *Younger* abstention, and also contends that Plaintiffs equal protection claim fails "as a matter

3

of law." Dkt. 23, at 13-15. Plaintiffs filed a response, Dkt. 30, and the City filed a reply, Dkt. 33. The undersigned will address the City's proposed bases for dismissal below.

## II.   LEGAL STANDARDS

### A.   12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B.   12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a

12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her

claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Although the City styled is motion to dismiss as brought only under Rule 12(b)(1),[2] it also appears to seek dismissal of Plaintiffs' equal protection claim under Rule 12(b)(6). Dkt. 23, at 15. The undersigned will address the City's two challenges to Plaintiffs' claims below.

#### A. *Younger* abstention

The City first argues that Plaintiffs' claims are barred by "the *Younger* doctrine" because of "the City's ongoing prosecution of municipal ordinances." Dkt. 23, at 13-15. While generally "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging'" once jurisdiction is established, the Supreme Court has "instructed federal courts that the principles of equity, comity, and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings."

---

[2] In its reply, the City raises for the first time the argument that MMK Holdings lacks standing to pursue its claims because "it can show no actual or imminent injury that is concrete and particularized." Dkt. 33, at 6-7. Given that the City failed to brief this argument in its motion to dismiss, and the undersigned is satisfied with this Court's subject matter jurisdiction over this case, the undersigned declines to address the City's untimely-raised standing arguments. *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251-52 (5th Cir. 2022) ("a district court is not required to address new legal issues raised only in a reply brief").

6

*Younger v. Harris*, 401 U.S. 37 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (citations omitted). However, the Supreme Court has also stressed that "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *Sprint*, 571 U.S. at 70.

In *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982), the Supreme Court set out a three-part test describing the circumstances under which *Younger* abstention is advised: (1) the dispute would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) plaintiffs have an "adequate opportunity in the state proceedings to raise constitutional challenges." The City argues that all three prongs are met, and abstention is proper in this case. Dkt. 23, at 13-15. Plaintiffs respond that the adjudication of this lawsuit would not affect the pending prosecutions given that Plaintiffs primarily seek relief related to the provision of water and sewer services, and are unable to obtain such relief through the municipal prosecutions. Dkt. 30, at 11-12.

The City argues that this dispute involves an "ongoing state judicial proceeding" because "Plaintiffs' Complaint repeatedly states that Plaintiffs have been cited and are involved in ongoing municipal prosecutions based on City ordinances," yet fails to explain how the adjudication of this federal lawsuit would interfere with the pending municipal prosecutions—which the undersigned notes are largely

already set for trial. Dkts. 7, at 46-48;[3] 23, at 13. While the City is certainly correct that Plaintiffs reference the ongoing prosecutions in their amended complaint, and that municipal enforcement actions generally fall within the definition of "ongoing state judicial proceedings," not "every pending proceeding between a State and a federal plaintiff justifies abstention." *Moore v. Sims,* 442 U.S. 415, 423 n.8 (1979); *see also Sprint*, 571 U.S. at 72 ("Abstention is not in order simply because a pending state-court proceeding involves the same subject matter.").

Instead, the relevant inquiry is "whether the federal proceeding would interfere with the state proceeding," which requires the Court to "look to the relief requested and the effect it would have on the state proceedings." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (internal citation omitted). Interference is established "whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Id.* The City cites *Ballard* for the proposition that "federal court cannot enjoin a pending criminal trial in state court, absent exceedingly rare and extraordinary circumstances," yet here Plaintiffs do not seek to enjoin the pending municipal enforcement actions, but rather to enjoin the City from withholding water and sewer services based on code violations. Dkts. 11, at 33; 23, at 13; *Ballard v. Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988).

---

[3] The consideration of "matters outside the pleading do not convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment." *Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1157-58 (5th Cir. 1981) (citations omitted).

The City further implores this Court to "focus upon the practical impact of any potential ruling." Dkts. 23, at 14 (citing *Ballard*, 856 F.2d 1570); 33, at 5-6. Yet the City fails to identify how the injunctive relief Plaintiffs seek regarding the provision of water and sewer services would have any impact whatsoever on the pending municipal prosecutions apart from generally insisting that "any injunction or declaratory judgment issued by this Court would necessarily affect the course and outcome of the pending [municipal] proceedings." *See* Dkt. 23, at 14-15. While Plaintiffs also seek declaratory relief regarding the validity of the head shop ordinance itself, the municipal prosecutions regarding the ordinance will no doubt be resolved before—and thus not impacted by—this litigation. *See* Dkts. 7, at 46-48; 11, at 33. Federal intervention thus would not "result in duplicative legal proceedings" since the municipal proceedings do not relate to whether the City validly terminated Plaintiffs' water and sewer services, and this lawsuit would not interfere with the pending municipal proceedings. *See* Dkt. 11, at 27-33; *Google, Inc. v. Hood*, 822 F.3d 212, 223 (5th Cir. 2016).

Because the instant lawsuit would not interfere with the pending municipal prosecutions, the undersigned finds that Plaintiffs' claims do not fall within the "highly exceptional circumstances" for which *Younger* abstention has traditionally been reserved. *Parada v. Sandhill Shores Prop. Owners Ass'n, Inc.*, No. 3:21-CV-195, 2022 WL 1693977, at *6 (S.D. Tex. May 25, 2022) ("even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the

'exception, not the rule.'" (internal citation omitted)). The District Court should deny the City's motion to dismiss Plaintiffs claims for lack of subject matter jurisdiction.

### B. Equal Protection

The City also argues, in one paragraph at the end of its motion, that Plaintiffs equal protection claim should be dismissed because "Plaintiffs cannot demonstrate that they are being singled out for enforcement[.]" Dkt. 23, at 15. The City attached to its motion to dismiss an affidavit from Kevin Elliott, a city code compliance officer, which it uses to suggest that Plaintiffs cannot demonstrate "as a matter of law" that "the City is not enforcing the prohibition against Head Shops against other businesses that are selling the same products." Dkt. 23, at 15.

Initially, the undersigned notes that in resolving a motion to dismiss for failure to state a claim, he may only consider documents that are "referred to in the plaintiff's complaint *and* are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Here, the undesigned declines to convert this motion to dismiss into a motion for summary judgment by considering matters outside the pleadings because, if anything, Elliott's affidavit raises disputes of material fact that are not ripe for resolution at this stage in the litigation. *See* Dkt. 23-1; *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) ("(t)he court has complete discretion to determine whether or not to accept any material beyond the pleadings"). As such, the undersigned will not consider Elliott's affidavit in resolving the instant motion to dismiss Plaintiffs' equal protection claim.

To state a claim for equal protection, Plaintiffs must allege "that (1) [they were] intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena, Tex.*, 669 F.3d 225, 233 (5th Cir. 2012). Here, Plaintiffs alleged in their amended complaint that "the City is intentionally treating Plaintiffs differently from others similarly situated without a rational basis for doing so" because it "has not filed complaints against the countless other businesses in the Cedar Park that sell a host of items which could be used for the ingestion of illicit drugs," and has not terminated water and sewer services to other businesses based on violation of the ordinance. Dkt. 11, at 20; 30-31 ("despite the fact that numerous other businesses sell products which are used for the ingestion of illegal drugs, the City has not terminated water or wastewater services to any of those businesses").

Plaintiffs have thus stated a "class of one" equal protection claim under the Fourteenth Amendment. *See id.*; *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims ... where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). The District Court should deny the City's motion to dismiss Plaintiff's equal protection claim.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** the City's motion to dismiss, Dkt. 23.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 18, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE