IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KLEINMAN, § | |
| MMK HOLDINGS, LP and § | |
| AUSPRO ENTERPRISES, LP § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 1:22-cv-00527-LY |
| § | |
| CITY OF CEDAR PARK § | |
| § | |
| Defendant. § | |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION [Dkt. 35]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT CITY OF CEDAR PARK, ("the City") in the above styled cause and files these Objections to the Magistrate's Report and Recommendation [Dkt. 35] and would respectfully show the Court as follows:

**I.
STANDARD OF REVIEW**

1. When a party timely files specific written objections, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1).

**II.
DEFENDANT'S OBJECTIONS**

**Younger Abstention Doctrine**

2. The City objects to the Report's findings and conclusions that the *Younger* abstention doctrine does not apply to the facts of this case. [Dkt. 35, pp. 6-10].

1

3. The City agrees with the way the Magistrate framed the argument:

> Instead, the relevant inquiry is "whether the federal proceeding would interfere with the state proceeding," which requires the Court to "look to the relief requested and the effect it would have on the state proceedings." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (internal citation omitted). Interference is established "whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Id*.

[Dkt. 35, pg. 8]. However, in *Bice*, the Court also said:

> The interference with ongoing state proceedings need not be direct to invoke *Younger* abstention. The *Younger* doctrine prevents federal courts from exercising jurisdiction when the relief requested "would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent." *O'Shea v. Littleton*, 414 U.S. 488, 500, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

*Bice v. Louisiana Pub. Def. Bd*., 677 F.3d 712, 717 (5th Cir. 2012). [Dkt. 33, ¶2].

4. The City specifically objects to the Magistrate's finding that the continuation of the federal lawsuit would not interfere with the City's prosecution of its municipal ordinances. [Dkt. 35, pg.8]. This finding overlooks Plaintiffs' express pleadings and requested relief.

5. Plaintiffs plead that "The City's head shop definition is at the center of this controversy." [Dkt. 11, ¶22].

6. Count One of *Plaintiffs' First Amended Complaint* alleges that the City's "head shop definition violates and deprives Plaintiffs of their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." [Dkt. 11, ¶97].

7. It is undisputed that Plaintiffs face an ongoing state judicial proceeding which predates the filing of this lawsuit for violating the City's zoning ordinance which prohibits the operation of a head shop. [Dkt. 11, ¶38]("On December 22, 2021, the City responded by filing a criminal complaint against Kleinman in municipal court for operating a head shop."); [Dkt. 11, ¶39] ("In January 2022, the City began filing a barrage of complaints against Kleinman and AusPro for the

following alleged violations: 'Use prohibited in zoning district' (head shop) in violation of Code Sec. 11.01.032 and Sec. 11.02.064;"); [Dkt. 27, ¶17].

8. It is undisputed that Plaintiffs' requested relief would directly interfere with the ongoing state judicial proceedings because Plaintiffs ask this Court to:

> (4) Issue a declaratory judgment that the City's head shop definition is unconstitutional and is unenforceable as applied to Plaintiffs;
>
> (5) Issue a declaratory judgment that the City's head shop definition violates the Texas Penal Code and therefore is void and unenforceable;
>
> (6) Issue a permanent injunction prohibiting the City and its employees, agents, and successors in office, and anyone acting in concert with them or at their direction, from terminating the water or wastewater service to the Property based in whole or in part on the City's head shop definition;
> . . .

[Dkt.11, pg. 33, RELIEF REQUESTED]; [Dkt. 33, ¶6].

9. Plaintiffs' requested relief would necessarily "interfere with the state court's ability to conduct proceedings" because the City could not prosecute its zoning ordinance if this Court declared the City's zoning ordinance to be unconstitutional and unenforceable as applied to Plaintiffs or void because the zoning ordinance violates the Texas Penal Code. [Dkt. 23, ¶26]; [Dkt. 33, ¶¶6, 8]. Plaintiffs are asking for this Court to impermissibly and directly interfere with the ongoing municipal prosecutions. [Dkt. 33, ¶¶9, 10].

10. Additionally, a permanent injunction prohibiting the termination of water or wastewater to this particular property would prevent the City from enforcing City Code § 18.01.007 Termination of water service. [Dkt.23, ¶¶18-22]; [Dkt. 33, ¶¶7, 8, 9].

11. As the Fifth Circuit noted in *Ballard* "we cannot ignore the fact that any injunction or declaratory judgment issued by a federal court would affect the course and outcome of the

pending state proceedings." *Ballard v. Wilson*, 856 F.2d 1568, 1570 (5th Cir. 1988).[Dkt. 23, ¶46].

> An injunction would "serve notice to the state courts that an adverse declaratory judgment could be expected", and a declaratory judgment as to the constitutionality of the ordinance would actually resolve an issue central to the pending state proceedings. *United Books v. Conte*, 739 F.2d 30, 33 (1st Cir.1984). This is precisely the sort of interference condemned by the Supreme Court in *Younger* and *Samuels*.

*Id.*; *see also* [Dkt.33, ¶2].

12. As Plaintiffs' requested injunctive and declaratory relief would actually resolve a central issue to the pending state proceedings, the constitutionality and validity of the City's zoning ordinance, this is precisely the sort of interference the Supreme Court has condemned in *Younger* and *Samuels* and that the Fifth Circuit noted in *Ballard*.

13. The Magistrate's finding that the federal lawsuit would not interfere with the City's prosecution of its municipal ordinances is contrary to well established law and ignores the Plaintiffs' pleadings and requested relief. The Court should sustain the City's objection and grant the City's Motion to Dismiss.

14. The City specifically objects to the Magistrate's finding that "the municipal prosecutions regarding the ordinance will no doubt be resolved before—and thus not impacted by—this litigation" [Dkt. 35, at pg. 9] because it is not based on any facts or evidence before the Magistrate. In fact, shortly after the Magistrate issued his Report and Recommendations, on August 29, 2022, Plaintiffs moved for a continuance of at least ninety (90) days in the municipal court proceedings. A true and correct copy of Plaintiff's *Motion to Continue* is attached as Exhibit "A" and incorporated herein for all purposes.[1] Contrary to the Magistrate's conclusion,

---

[1] *See* FED. R. EVID. 201; *Sanders v. Univ. of Texas Pan Am.*, 776 F. App'x 835, 837 (5th Cir. 2019) ("The district court did not err by taking such judicial notice. It is well settled that courts may take judicial notice of matters of public record").

4

it is just as plausible to speculate that, Plaintiffs will continue to ask for continuances in the municipal court proceedings as long as they are able in order to attempt to improperly use this Court to interfere with those proceedings by asking that this Court issue injunctive and declaratory relief. The Magistrate's finding is not supported by the facts and evidence. The City's objection should be sustained and the Court should grant the City's Motion to Dismiss.

15. The City specifically objects to the Magistrate's reference to *Google, Inc. v. Hood*, 822 F.3d 212, 223 (5th Cir. 2016) and the Magistrate's contention that "Federal intervention thus would not 'result in duplicative legal proceedings' since the municipal proceedings do not relate to whether the City validly terminated Plaintiffs' water and sewer services, and this lawsuit would not interfere with the pending municipal proceedings." [Dkt. 35, pg. 35]. In *Google*, the Court determined that "there was no 'ongoing state judicial proceeding' fitting one of *Younger's* three categories" because the case involved an executive official merely serving a subpoena. *Id.*

16. By contrast, the present case presents "ongoing criminal prosecutions" which is the first of the three *Younger* categories. *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016)(quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013)("Circumstances fitting within the *Younger* doctrine, we have stressed, are 'exceptional'; they include . . . 'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'")).

17. Moreover, as previously argued, Plaintiffs' requested relief is expressly designed to interfere with the pending municipal proceedings.

18. The City objects to the Magistrate's Report and Recommendations to the extent that it fails to consider the remaining *Younger* factors.

19. The City contends that it has adequately shown that enforcement and application of zoning ordinances and land use regulations is an important state and local interest. [Dkt.23, ¶44]. Plaintiffs have not pled and cannot show that the City does not have an important state and local interest in enforcing its ordinances without interference from a federal court.

20. The City also contends that is has adequately shown that Plaintiffs have not met their burden to show that they had no opportunity to litigate the federal issue in state court. [Dkt.23, ¶45]. As a matter of law, "Texas law is apparently as accommodating as the federal forum. . . .[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 425–26, 99 S. Ct. 2371, 2378–79, 60 L. Ed. 2d 994 (1979). Plaintiffs have not pled and cannot show that their constitutional claims regarding the City's zoning ordinance cannot be litigated in the pending state proceedings.

21. For these reasons, the Court should sustain the City's objections to the Report's findings and conclusions that the *Younger* abstention doctrine is inapplicable and the Court should abstain from entertaining Plaintiff's lawsuit, either dismissing it in its entirety or "stay the claim for monetary relief pending the outcome of parallel state proceedings." *Ballard v. Wilson*, 856 F.2d 1568, 1572 (5th Cir. 1988).

**Equal Protection.**

22. The City objects to the Magistrate's finding that Plaintiffs have established a "'class of one' equal protection claim under the Fourteenth Amendment." [Dkt. 35, pg.11].

23. The Magistrate cites to *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565, 120 S. Ct. 1073, 1075, 145 L. Ed. 2d 1060 (2000). In *Olech*, the facts were quite different from the present case:

> Olech's complaint can fairly be construed as alleging that the Village intentionally demanded a 33–foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15–foot easement from

    other similarly situated property owners. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint also alleged that the Village's demand was "irrational and wholly arbitrary" and that the Village ultimately connected her property after receiving a clearly adequate 15–foot easement. These allegations, quite apart from the Village's subjective motivation, are sufficient to state a claim for relief under traditional equal protection analysis.

*Id*.

24.    In the present case, the City is not attempting to exact a taking of a larger piece of real property from one property owner without good reason. Instead, the City is enforcing the exact same ordinances on all stores operating in the City. "[T]he relevant criterion here is not the two stores' proximity or the similarity of their products. Instead, the relevant question is whether the two stores were similarly situated under the Code." *Beeler v. Rounsavall*, 328 F.3d 813, 817 (5th Cir. 2003).

25.    Plaintiffs are not similarly situated to other businesses in the following ways:

    a.    Plaintiffs submitted a fraudulent Commercial Utility Service Application. [Dkt.23, ¶¶1-2]. Plaintiffs even admit that they used a fictitious name to make the Application. [Dkt.30, pp. 5-6, ¶4]. Plaintiffs also admit that they did not apply for a certificate of occupancy. [Dkt. 11, ¶32]. This is contrary to Plaintiffs' fraudulent representation on the Commercial Utility Service Application. [Dkt.23-1, pp. 5-6, 9]. Plaintiffs have not alleged and cannot show that any of the other businesses submitted a fraudulent Commercial Utility Service Application.

    b.    Plaintiffs did not obtain a certificate of occupancy or submit to the fire, electrical and other inspections necessary to obtain the certificate of occupancy. [Dkt.23, ¶¶3-6]; [Dkt.23-1, pp. 5-6]. Plaintiffs contend that they did not need to comply with the City ordinance requiring a certificate of occupancy. [Dkt.11, ¶32]. Plaintiffs agree that they are being prosecuted for failure to obtain a certificate of occupancy. [Dkt.11, ¶39].

Plaintiffs have not alleged and cannot show that any of the other businesses failed to obtain a certificate of occupancy.

c.  Plaintiffs are being prosecuted for a number of different municipal ordinance violations. [Dkt.11, ¶¶39-40]; [Dkt.23, ¶20]. Plaintiffs have not alleged and cannot show that any of the other businesses are being prosecuted for these multiple violations of the City Code or that any of the other businesses are not complying with the City Code.

d.  Plaintiffs refused to come into compliance with City ordinances voluntarily after receiving notices of violation. [Dkt.11, ¶¶36, 37]. Plaintiffs refused to come into compliance with City ordinances even after criminal charges were filed. [Dkt. 11, ¶38]. Plaintiffs have not alleged and cannot show that the other businesses did not come into compliance after receiving notices of violation. In fact, the City has shown that all the businesses referenced by Plaintiffs (and more) came into compliance after receiving notices of violation. [Dkt.23, ¶47]; [Dkt.23-1, pp.69-70, 72].

Plaintiffs are a "class of one" ONLY in the sense that Plaintiffs are refusing to comply with the City's ordinances.

26.  Also, unlike in *Olech* (where the Village required a 33-foot easement from the plaintiff and required only a 15–foot easement from other similarly situated property owners) the City requires compliance with the same ordinances for every business to operate in the City. [Dkt.23, ¶47]; [Dkt.23-1, pp.69-70, 72].

27.  Plaintiffs' claims are akin to selective enforcement and the City has a right to treat existing businesses operating under valid certificates of occupancy a bit differently from a new business that submitted a fraudulent application and which refuses to comply with any of the City's ordinances.

> "The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Allred's Produce*, 178 F.3d at 748 (citing *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)). "[T]o successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Bryan*, 213 F.3d at 277. "[I]t must be shown that the selective enforcement 'was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' " *Allred's Produce*, 178 F.3d at 748 (citing *Oyler*, 368 U.S. at 456, 82 S.Ct. 501).

*Beeler v. Rounsavall*, 328 F.3d 813, 817 (5th Cir. 2003). In the present case, Plaintiffs are a "class of one" only to the extent that they refuse to comply with the City's ordinances. Plaintiffs have not pled that the City's actions are motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right. Plaintiffs' pleadings are not sufficient to state an equal protection claim under the 14th Amendment.

> The "text of the Equal Protection Clause, the history leading to its adoption, [and] a century of jurisprudence that has in the main interpreted the clause to prohibit only disparate treatment based upon group or class factors" suggests that personal vindictiveness by itself is insufficient as an improper motive in the absence of some other class– or group-based discrimination. Timothy Zick, *Angry White Males: The Equal Protection Clause and "Classes of One"*, 89 KY. L.J. 69, 75 (2000/2001).

*Beeler,* 328 F.3d at 818. This Court should sustain the City's objection to the Magistrate's finding that Plaintiffs have adequately pled a "class of one" to support Plaintiffs' equal protection claim and the Court should grant the City's Motion to Dismiss.

WHEREFORE PREMISES CONSIDERED, Defendant CITY OF CEDAR PARK prays that the Court sustain Defendant's objections to the Magistrate's Report and Recommendation and that the Court grant Defendant's Motion to Dismiss. In the alternative, if the Court retains jurisdiction, Defendant prays for the Court to stay this suit until the conclusion of the state judicial proceedings and, and if necessary, then take up Plaintiffs' claims for monetary relief.

Defendant further prays for such further relief, in law and in equity, as Defendant may show itself justly entitled.

SIGNED this 1st day of September 2022.

                                           Respectfully submitted,

**Denton Navarro Rocha Bernal & Zech, P.C.**
attorneys & counselors at law • rampagelaw.com

A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
ristevens@rampagelaw.com

By: _____
SCOTT M. TSCHIRHART
State Bar No. 24013655
ROXANA I. PEREZ STEVENS
State Bar No. 24037264

*Attorneys for Defendant*
*City of Cedar Park*

10

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 1st day of September 2022, to the following:

| | |
|---|---|
| Jeffrey G. Henry<br>SPROUSE SHRADER SMITH PLLC<br>805 Las Cimas Parkway, Suite 350<br>Austin, Texas 78746 | **E-FILE NOTIFICATION** |
| Tim Williams<br>SPROUSE SHRADER SMITH PLLC<br>P.O. Box 15008<br>Amarillo, Texas 79105 | **E-FILE NOTIFICATION** |

_____
SCOTT M. TSCHIRHART