IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL KLEINMAN,** **MMK HOLDINGS, LP, and** **AUSPRO ENTERPRISES, LP,** *Plaintiffs,* <br><br> v. <br><br> **CITY OF CEDAR PARK,** *Defendant.* | § § § § § § § § § § § CIVIL ACTION NO. 1:22-cv-00527-DAE <br><br> **(JURY DEMANDED)** |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

**1.     What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiffs, Michael Kleinman, MMK Holdings, LP, and AusPro Enterprises, LP (the "**Plaintiffs**") assert violations of Due Process and Equal Protection under the Fourteenth Amendment to the United States Constitution. Plaintiffs also assert claims for declaratory and injunctive relief and money damages under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988. Plaintiffs further intend to assert claims for unconstitutional taking under the Fifth Amendment of the United States Constitution and Article I, Section 17 of the Texas Constitution.

In support of their claims, Plaintiffs allege, among other things, that the definition of "head shop" (the "**Definition**") adopted by Defendant, City of Cedar Park (the "**Defendant**") and incorporated into the Defendant's Code of Ordinances violates and deprives Plaintiffs of their due process rights because, on its face and as applied, the Definition is unconstitutionally vague, overbroad, and lacks any intelligible or ascertainable culpable mental state requirement. Plaintiffs further allege that the Defendant has and continues to treat Plaintiffs intentionally differently from others similarly situated, and there is no rational basis for the difference in treatment. Plaintiffs

also allege that the Defendant has not issued code violations or filed criminal complaints against other similar businesses in the City of Cedar Park, Texas, and the Defendant has not terminated water and sewer services to other businesses based on alleged code violations and as a means of enforcing the Definition.

Defendant alleges that Plaintiffs have not complied with Defendant's ordinances, including but not limited to failing to apply for and receive a certificate of occupancy and sign ordinances. Plaintiffs are not entitled to occupy the property in violation of the City Ordinances and are not entitled to water and sewer service unless and until Plaintiffs come into compliance with the relevant City Ordinances. Defendant alleges that its ordinances and regulations are valid and that there has been no differential enforcement because all businesses in the City must comply with the same ordinances.

The Defendant has filed an answer, which included general denials, specific denials, and affirmative defenses. The Defendant has also filed a motion to dismiss, which has been denied. The Defendant has not asserted any counterclaims.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

    a. *Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.*

    b. *If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?*

There are no outstanding jurisdictional issues. Plaintiffs' primary claims arise under the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise out of the same common nucleus of operative facts as Plaintiffs' federal constitutional claims.

Early on in the case, the Defendant filed a motion to dismiss arguing that (1) this Court did not have subject matter jurisdiction, (2) the Plaintiffs' claims were barred by the *Younger* doctrine due to the Defendant's ongoing criminal prosecution of the Plaintiffs in state court, and (3) the Plaintiffs' equal protection claim was factually unsupportable. Subsequently, the Court denied the Defendant's motion to dismiss on all grounds asserted.

Defendant continues to contend that this Court should abstain from this case because of the *Younger* abstention doctrine.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties in this case.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have made no stipulations about facts in this case.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The parties are currently engaging in discussions on the asserted legal issues. Otherwise, there are no legal issues that can be narrowed by agreement or by motion.

**6. Are there any issues about preservation of discoverable information?**

There are no issues about preservation of discoverable information at this time.

4874-8730-3514.4

7.      **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

There are no issues about disclosure or discovery of electronically stored information (ESI). By default, all ESI will be produced in image file format with metadata as follows: (1) .TIF format for black and white images; (2) .JPG format for color images; (3) native format for all other documents not easily reducible to an image file (including but not limited to, Excel and PowerPoint documents, video clips, and audio recordings). In instances where production in the above manner will not suffice for whatever reason, the parties will confer and agree to a specific file format on a case-by-case basis.

8.      **What are the subjects on which discovery may be needed?**

The subjects on which discovery may be needed include but are not limited to: (1) communications and actions taken by the Defendant with respect to the drafting and enacting of the Definition; (2) communications and actions taken by the Defendant with respect to its enforcement of the Definition; (3) communications and actions taken by the Defendant with respect to its inspections of Plaintiffs' property and its issuance of ordinance violations and filing of criminal complaints against Plaintiffs; (4) communications and actions taken by the Defendant with respect to its termination and disconnection of water and sewer service to the Plaintiffs' property; and (5) communications and evidence regarding the Plaintiffs' purchase of the property, the Plaintiffs' application for water and sewer services to the City, and the Plaintiffs' compliance with the relevant City ordinances.

9.      **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

4874-8730-3514.4

Initial disclosures have not yet been made in this case. No changes are needed regarding the timing, form, or requirement of same.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Very limited discovery has been conducted. The parties intend to conduct written discovery and oral depositions. Third party subpoenas concerning relevant documents may also be required. The parties anticipate conducting discovery according to the proposed Scheduling Order and/or a future scheduling order signed by the Court.

11. **What, if any, discovery disputes exist?**

No discovery disputes currently exist.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties discussed the desirability of a Rule 502 order and will file a proposed order pursuant to Rule 502.

13. **Have the parties discussed early mediation?**

The parties have not discussed early mediation but are discussing the feasibility of alternative dispute resolutions prior to a formal mediation.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

Both parties have considered the entry of the Court's standard protective order. If during the course of discovery certain documents or records are determined to require a protective order, the parties shall move the Court to enter the standard protective order.

**AGREED:**

| | |
|---|---|
| */s/ Kristina W. Silcocks* | */s/ Scott M. Tschirhart* |
| Kristina W. Silcocks | Scott M. Tschirhart |
| Texas Bar No. 00795930 | smtschirhart@rampagelaw.com |
| ksilcocks@foley.com | Roxana I. Perez Stevens |
| **FOLEY & LARDNER, L.L.P.** | ristevens@rampagelaw.com |
| 600 Congress Avenue, Suite 3000 | **DENTON NAVARRO ROCHA BERNAL** |
| Austin, TX 78701 | **& ZECH, P.C.** |
| Tel: 512.542.7000 | 2500 W. William Cannon Drive, |
| Fax: 512.542.7100 | Suite 609 |
| | Austin, Texas 78745 |
| Thomas C. Scannell | |
| Texas Bar No. 24070559 | **ATTORNEY FOR DEFENDANT** |
| tscannell@foley.com | |
| Stephen Jones | |
| Texas Bar No. 24101270 | |
| sajones@foley.com | |
| **FOLEY & LARDNER, L.L.P.** | |
| 2021 McKinney, Suite 1600 | |
| Dallas, Texas 75201 | |
| Tel: 214.999.3000 | |
| Fax: 214.999.4667 | |

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF filing system on May 9, 2023.

                                                */s/ Kristina W. Silcocks*
                                                Kristina W. Silcocks

4874-8730-3514.4